IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Rainey R. Lamar Garcia, III, | ) C/A No. 0:12-2317-DCN-PJG<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **REPORT AND**<br>) **RECOMMENDATION** |
| South Carolina Department of Correction, and<br>Director Mr. William Byers, | )<br>)<br>) |
| Defendants. | )<br>) |

The plaintiff, Timothy Rainey R. Lamar Garcia, III, ("Plaintiff"), a self-represented state prisoner, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Timothy Rainey R. Lamar Garcia, III, who also refers to himself within his Complaint as "Timothy Rainey" and who sometimes uses the name "Ronell" as a last name, alleges that he was sexually assaulted and harassed by a corrections officer between 2010 and early 2012 at Lieber Correctional Institution ("Lieber"), where Plaintiff was formerly incarcerated. (Compl., ECF No. 1 at 3.) He states that he sent in several grievances, but that the South Carolina Department of Correction[s] ("SCDC") alleges that most of them are lost. At least one grievance was answered and Plaintiff states he received the final agency action on that one grievance. Plaintiff asserts that he made many efforts to get

help while at Lieber and was told he could take a polygraph, but that he was just ignored and transferred to different institution. (Id. at 5.) Now, according to Plaintiff, the subject corrections officer, Officer J. Brown, no longer works at SCDC and Plaintiff thinks the investigation has been dropped even though he found out that others at Lieber made similar complaints against Officer Brown. (Id. at 6.) He states that, because of the other inmates' similar claims against the same corrections officer, "the administration of Lieber should of known that their was a problem and the 'Director Mr. William Byers' should have intervened!" (Id.) This is the only reference to Defendant Byers in the entire Complaint.

Plaintiff asks for $500,000.00 in damages from the Director of SCDC and from SCDC itself. (Id. at 7.) He acknowledges, and the court takes judicial notice, that he has another separate civil action pending in this court under the name "Timothy Rainey Ronell," and that it is against several persons mentioned in this Complaint, but not made defendants in this case. Ronell v. Brown, C/A No. 0:12-2056-DCN-PJG. The allegations in Plaintiff's other case are virtually identical to those in the Complaint submitted in this case, and he asks for various forms of relief in that case, including damages in the amount of $200,000.00. The defendants in Plaintiff's other case are all SCDC officers or employees and the claims against them are, generally, based on the same factual scenario that Plaintiff alleges in this Complaint. The summons was issued for all defendants in that case on August 23, 2012, but no defendant has yet appeared in the case. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 556 U.S. 662 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter,

Page 4 of 10
*PJG*

accepted as true, to state a claim that is plausible on its face.[2]  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

---

[2] Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a complaint pursuant to §§ 1915(e)(2) and 1915A, since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions.  Iqbal, 556 U.S. at 677-81.  Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6).  See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

PJG

**DISCUSSION**

Initially, this case should be summarily dismissed without service on the defendants because it is duplicative of the case that Plaintiff already has pending in this court, and it would be most judicially efficient for this court to consider all of Plaintiff's claims arising from the allegedly unconstitutional conditions of his confinement at Lieber in the same case. Plaintiff's allegations about Officer Brown's wrongdoing are virtually identical in the pending case and in the Complaint in this case, and Plaintiff could seek leave to amend the complaint in Civil Action No. 0:12-2056-DCN-PJG to add the two Defendants in this case. In any event, as pled, Plaintiff's claims against Defendants Byrs and SCDC fail for the reasons set forth below.

Despite his failure to cite to a specific federal statutory or constitutional basis for his claim for damages, in light of Plaintiff's allegations of cruel and unusual punishment arising from the conditions of his confinement at Lieber, the court construes his claim as one arising under 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. Wyatt v. Cole, 504 U.S. 158, 161 (1992). In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. See Kentucky v. Graham, 473 U.S. 159 (1985); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). A plaintiff, such as Plaintiff in



this case, suing government officials and/or employees, such as Defendant Byers, in their individual capacity, thereby seeking to hold the official personally liable, must show that the official or employee personally caused or played a role in causing the complained-of deprivation of a federal right. See Iqbal, 556 U.S. at 1948. As such, those claims are not actionable, as a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

Without allegations of personal or constructive knowledge of his subordinate's alleged wrongdoing, Plaintiff's claim that Byers should have taken "corrective action" must fail. In absence of allegations sufficiently showing his personal or constructive knowledge of the alleged wrongdoing of one corrections officer at Lieber, Plaintiff cannot show that Defendant Byers's inaction amounts to deliberate indifference. See Iqbal, 556 U.S. at 1948. As a result, Plaintiff's Complaint fails to state a claim on which relief can be granted against Defendant Byers. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Soc. Servs., 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

Finally, to the extent that Plaintiff seeks damages from SCDC, the agency itself, the Complaint should be summarily dismissed because SCDC has Eleventh Amendment immunity from such a lawsuit in federal court. The Defendant SCDC is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and is, thus, entitled to Eleventh Amendment immunity in this

*PJG*

case.  As a result, to the extent that Plaintiff sues SCDC, this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Alden v. Maine, 527 U.S. 706 (1999); see also College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 (1978);  Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50  (D.S.C. 1989);  Coffin v. S.C. Dep't of Soc. Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. S.C. Bd. of Corr., 460 F. Supp. 805, 808-09 (D.S.C. 1978); Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under Pennhurst, 465 U.S. at 99 n.9, a state must expressly consent to suit in a federal district court.  The State of South Carolina has not consented to suit in a federal court.  Section 15-78-20(e) of the South Carolina Code of Laws, is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another

PJG

state. Because SCDC has immunity from suit and Defendant Byers cannot be held liable under § 1983 based on the allegations presented, this case should be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 28, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).